**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115726

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Asim Ali, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Client Services, Inc., <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Asim Ali, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Client Services, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.   This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.   This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.   Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.     At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.     Plaintiff Asim Ali is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.     Plaintiff is a natural person allegedly obligated to pay a debt.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     On information and belief, Defendant Client Services, Inc., is a Missouri Corporation with a principal place of business in Saint Charles County, Missouri.

9.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Defendant's business is the collection of such debts.

12.     Defendant uses the mails in its debt collection business.

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

14.     Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16.     To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

17.     In order for consumers to vindicate their rights under the statute, the FDCPA "grants a private right of action to a consumer who receives a communication that violates the

Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

18. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

19. To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90. "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer— understands the notice he or she receives. *Russell*, 74 F.3d at 34.

20. The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received. *See Jacobson*, 516 F.3d at 91. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

21. Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

22. Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

23. Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

24. To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

3

## ALLEGATIONS

25. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

26. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27. The alleged Debt does not arise from any business enterprise of Plaintiff.

28. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

30. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

31. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated May 28, 2018. (A true and accurate copy is annexed hereto as **Exhibit 1.**")

32. The Letter conveyed information regarding the alleged Debt.

33. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

35. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

37. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

38. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

39. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

40. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify

the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

41. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

42. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

43. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

44. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

45. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

46. The Letter states, "RE: CHASE BANK USA, N.A."

47. The Letter fails to indicate whether the "RE:" delineation refers to Plaintiff's account owner.

48. The Letter fails to indicate whether the "RE:" delineation refers to Plaintiff's creditor.

49. The Letter fails to indicate whether the "RE:" delineation refers to Plaintiff's current creditor.

50. The Letter fails to indicate whether the "RE:" delineation refers to the creditor to whom Plaintiff's debt is owed.

51. The Letter fails to indicate who referred the subject account to Defendant.

52. The Letter fails to indicate who the Defendant represents.

53. The Letter fails to indicate who the Defendant's client is.

54. The Letter states, "We are offering you a settlement amount of $75.00, to settle this CHASE BANK USA, N.A. account for less than the balance due."

55. The Letter states, "Checks Payable To: Client Services, Inc."

56. Defendant failed to explicitly state the name of the creditor to whom the Plaintiff's debt is owed.

57. Defendant failed to clearly state the name of the creditor to whom the Plaintiff's

5

debt is owed.

58. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the Plaintiff's debt is owed.

59. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the Plaintiff's debt is owed.

60. The least sophisticated consumer, upon reading the Letter in its entirety, could reasonably interpret the Letter to mean that the creditor to whom the debt is owed is the stated "RE: CHASE BANK USA, N.A."

61. Alternatively, the least sophisticated consumer, upon reading the Letter in its entirety, could reasonably interpret the Letter to mean that creditor to whom the debt is owed is the Defendant.

62. Alternatively, the least sophisticated consumer, upon reading the Letter in its entirety, could reasonably interpret the Letter to mean that creditor to whom the debt is owed is some other, unnamed entity.

63. Because the subject Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

64. Because the subject Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

65. The least sophisticated consumer would likely be deceived by the Letter.

66. The least sophisticated consumer would likely be deceived in a material way by the Letter.

67. Defendant violated § 1692e by using false, deceptive and misleading representation in its attempt to collect the subject debt.

**CLASS ALLEGATIONS**

68. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

69. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

70. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

71. The Class consists of more than thirty-five persons.

72. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

73. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

74. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

### JURY DEMAND

75. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

      b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

      c. Finding Defendant's actions violate the FDCPA; and

      d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

      e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      f. Granting Plaintiff's costs; all together with

      g. Such other relief that the Court determines is just and proper.

DATED: May 6, 2019

                                  **BARSHAY SANDERS, PLLC**

                                  By: /s/ *Craig B. Sanders*
                                  Craig B. Sanders, Esquire
                                  100 Garden City Plaza, Suite 500
                                  Garden City, New York 11530
                                  Tel: (516) 203-7600
                                  Fax: (516) 706-5055
                                  csanders@barshaysanders.com
                                  *Attorneys for Plaintiff*
                                  Our File No.: 115726